UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RANDOLPH SPENCER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-08845** |
| **HARTFORD FIRE INSURANCE COMPANY, ET AL** | **SECTION: "S" (5)** |

## ORDER AND REASONS

IT IS ORDERED that Hartford Insurance Company of the Midwest's Rule 12(b)(6) Motion to Dismiss (Doc. #4) is DENIED AS MOOT, and AARP's Motion to Dismiss (Doc. #5) is DENIED.

## BACKGROUND

This action concerns an insurance dispute arising out of damage sustained to property arising from Hurricane Katrina. On November 15, 2007, the action was removed to this court from the Civil District Court for the Parish of Orleans. The action was filed against "Hartford Fire Insurance Company and AARP Homeowners Insurance Program." However, the Hartford Insurance Company of the Midwest effected the removal, noting that the Hartford Insurance Company of the Midwest ("Hartford"), and not the Hartford Fire Insurance Company, issued the relevant policy.

On December 17, 2007, AARP[1] and Hartford filed separate Motions to Dismiss. AARP

---

[1]AARP was known formerly as the American Association of Retired Persons.

argues that it should be dismissed because it did not issue the policy. Hartford argues that it should be dismissed for failure to state a claim upon which relief can be granted because plaintiff did not name it, serve it or make any allegations against it.

Plaintiff argues that the Motion to Dismiss as to Hartford is moot because on plaintiff filed a First Amended Complaint, naming The Hartford Insurance Company of the Midwest as a proper party defendant.[2]

## ANALYSIS

Fed. R. Civ. P. 15(a) provides that a party may amend its complaint once as a matter of course as long as the opposing party has not filed responsive pleadings. The Fifth Circuit has held that for purposes of Rule 15(a), a motion to dismiss is not a responsive pleading.[3] Thus, even though the plaintiff in the instant case sought leave to amend his complaint, such permission was unnecessary, as the plaintiff was able to amend by right since the defendants had not filed responsive pleadings at the time of the filing of the amended complaint.

Dismissal pursuant to the Federal Rule of Civil Procedure 12(b)(6) "is viewed with disfavor

---

[2]The First Amended Complaint also named "Hartford Fire Insurance Company" and "AARP Homeowners Insurance Company," although later in the pleading plaintiff refers to "AARP Homeowners Insurance Program" as the defendant.

[3]*McGruder v. Phelps*, 608 F2d 1012, 1025 (5th Cir. 1979). *See also, Barksdale v. King*, 699 F.2d 744, 746-47 (5th Cir. 1983).

and is rarely granted."[4]  Plaintiff's complaint must be liberally construed in favor of the plaintiff, all facts pleaded in the original complaint must be taken as true.[5]  The Fifth Circuit has stated that the proper inquiry on a Rule 12(b)(6) motion is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief."[6]

After reviewing the Complaint and the First Amended Complaint, the court finds that the pleadings state a claim for relief as to the Hartford Insurance Company of the Midwest and AARP.

New Orleans, Louisiana, this  28th   day of February, 2008.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

---

[4]*Lowery v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[5]*Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980).

[6]Lowery, 117 F.3d at 247, citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357, at 601 (1969).